# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE:  John H. Simpson, Sr. | ) CASE NO. 21-11373 |
| | ) |
| | ) CHAPTER 13 |
| | ) |
| | ) JUDGE BARNES |
| | ) |
| | ) |

## OBJECTION TO CONFIRMATION

NOW COMES, David Smith, a creditor herein (the "Claimant"), by attorney, Arthur W. Rummler and Objects to Confirmation of the Chapter 13 Plan filed on January 4, 2021 (the "Plan"); and states as follows:

### Background Information

1. This Court has jurisdiction pursuant to 28 U.S.C.§ 1334 and the general orders of the United States District Court for the Northern District of Illinois.

2. Venue is fixed in this Court pursuant to 28 U.S.C. § 1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

4. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor on October 5, 2021, under Chapter 13 of the United States Bankruptcy Code.

5. David Smith is a creditor listed in Schedules F and G of the Debtor's bankruptcy petition and schedules.

6. Specifically, David Smith is the landlord/lessor to the Debtor on the residential real property located at 530 Parnell Avenue, Chicago Heights, Illinois (the "Lease").  The Debtor is in default on the Lease for this property in the sum of $43,655.  The Debtor scheduled the Lease on Schedule G with no information as to the length of the rental term, rental amount, security deposit or other contractual language.  The Debtor listed the Creditor on Schedule F in the amount of $23,000 for back rent.

7. The Debtor's Chapter 13 Plan lists the Lease in the Section 6.1 and indicates that the Lease will be assumed yet gives no payment amount for the monthly lease payments and lists no payment amount for the cure of the default. The plan language is insufficient.

8. Debtor's Plan contravenes Claimant's rights under 11 U.S.C. §1322(b)(7) as it does not provide for adequate protection to the Claimant or a plan to cure the default on the leased premises. In Chapter 13, 11 U.S.C. §365(b) applies and to assume an executory contract or unexpired lease, the debtor must cure any default or provide adequate assurance that any default will be promptly cured; and the debtor must provide adequate assurance of future performance under the contract or lease. The Debtor fails to comply with these requirements. Confirmation of the current plan should be denied under these circumstances.

9. Furthermore, if the Debtor had addressed the claim of the Claimant herein, the Plan would be unfeasible.

**WHEREFORE,** the objecting creditor requests that the Court deny confirmation of the Plan and for any such other relief as the court deems mete.

By:/s/ Arthur W. Rummler
Attorney for Claimant

Law Offices of Arthur W. Rummler
799 Roosevelt Road, Suite 2-104
Glen Ellyn, IL 60137
Phone: 630-229-2313