### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE:  John H. Simpson, Sr. | ) CASE NO. 21-11373 |
| | ) |
| | ) CHAPTER 13 |
| | ) |
| | ) JUDGE BARNES |
| | ) |
| | ) |

### OBJECTION TO CONFIRMATION

NOW COMES, David Smith, a creditor herein (the "Claimant"), by attorney, Arthur W. Rummler and Objects to Confirmation of the Chapter 13 Plan filed on March 24, 2022 as Docket Item Number 37 (the "Amended Plan"); and states as follows:

### Background Information

1. This Court has jurisdiction pursuant to 28 U.S.C.§ 1334 and the general orders of the United States District Court for the Northern District of Illinois.

2. Venue is fixed in this Court pursuant to 28 U.S.C. § 1409.

3. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

4. This case is currently pending before this court as a result of a voluntary petition for relief filed by the Debtor on October 5, 2021, under Chapter 13 of the United States Bankruptcy Code.

5. Debtor filed an Amended Chapter 13 Plan as document number 37 on the official docket for the bankruptcy court in this case.  See attached Exhibit A

6. David Smith is a creditor listed in Schedules F and G of the Debtor's bankruptcy petition and schedules.

7. Specifically, David Smith is the landlord/lessor to the Debtor on the residential real property located at 530 Parnell Avenue, Chicago Heights, Illinois (the "Lease").  The Debtor scheduled the Lease on Schedule G with no information as to the length of the rental term, rental amount, security deposit or other contractual language.  The Debtor is in default on the Lease for this property in the sum of $43,655.

8. David Smith is also a Creditor by virtue of a Contract for Deed with the Debtor for the purchase of residential real estate located at 22446 Nichols Drive, Sauk Village, Illinois. This Contract for Deed is <u>not</u> listed in Schedule G of the Debtor's schedules. The Debtor instead listed the subject real property on Schedule A without mention of the Contract for Deed.

9. The Nichols Drive property is not listed as the residence of the Debtor, but is investment property.

10. Although listed on Schedule A by the Debtor, no deed has been issued to the Debtor for the subject real property. The Debtor has no title interest in the property at present.

11. Debtor is in default on the Nichols Drive executory contract and a demand was made pre-petition by the Creditor for the full sum of contract. No cure payment was made. In addition, the Debtor has defaulted on all post-petition payments that have come due since the filing of the Chapter 13 case.

12. David Smith is also listed as a Creditor on Schedule F in the amount of $23,000 for "alleged back rent", though it is not clear if this pertains to the Nichols Drive contract property or the Parnell Avenue rental property.

13. The Debtor's current Amended Chapter 13 Plan lists the Nichols Drive Contract for Deed in Section 6.1 and indicates that the Executory Contract will be assumed. However, the Debtor does not list any cure payment of the arrears on the contract. Also, Debtor makes no provision for adequate protection of the Creditor during the pending bankruptcy proceedings.

14. As to the Parnell Avenue rental property, Debtor's counsel has stated that Debtor intends to surrender the property and not seek to retain or assume the lease on the subject real property. The current Amended Chapter 13 Plan does not list the Parnell Avenue property in Section 6.1 and thus is not proposed to be assumed by the Debtor.

15. Debtor's Plan contravenes Claimant's rights under 11 U.S.C. §1322(b)(7) as it does not provide for adequate protection to the Claimant or a plan to cure the default on the Executory Contract for the Nichols Drive property.   See 11 U.S.C. §1322(b)(7)

16. In relevant part, 11 U.S.C. § 1322(b)(7) provides, that the plan may - (7) subject to section 365 of this title, provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected under such section.

17. Therefore, in Chapter 13,  11 U.S.C. §365(b) is applicable and if the Debtor wishes to assume an executory contract or unexpired lease, the Debtor must cure any default or provide adequate assurance that any default will be promptly cured; also, the Debtor must provide adequate assurance of future performance under the contract or lease.  See 11 U.S.C. §365(b)

18. The Debtor fails to comply with these requirements.  Confirmation of the current plan should be denied under these circumstances and the executory contract and the lease herein be deemed rejected by the Debtor.

19. Furthermore, if the Debtor had addressed the Executory Contract as required under 11 U.S.C. §1322(b)(7) as it pertains to arrears and adequate protection, the Plan would be unfeasible.  Debtor does not have adequate income to pay the obligations if he is to assume the Contract for Deed.

**WHEREFORE,** the objecting creditor requests that the that the Court deny confirmation of the Plan and deem both the Lease and Executory Contract to be rejected by the Debtor; and for any such other relief as the court deems mete.

By:/s/ Arthur W. Rummler
Attorney for Claimant

Law Offices of Arthur W. Rummler
799 Roosevelt Road, Suite 2-104
Glen Ellyn, IL 60137
Phone: 630-229-2313